**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,           )<br>     Plaintiff,                              )<br>                                              )<br>vs.                                           )<br>                                              )<br>Shane Blair Badia ,                    )<br>                                              )<br>     Defendant.                           )<br>_____) | No. CR 04-00436 TUC-RCC (CRP)<br><br>**REPORT AND RECOMMENDATION** |

      Defendant's Evidentiary Hearing occurred on October 25, 2007 before Magistrate Judge Marshall.[1] Defendant was present and assisted by counsel. The Government presented two witnesses, United States Probation Officer Shannon Morehouse and Tucson Police Department Officer Michael Torres. The defense called two witnesses, Defendant Badia and Mike Martinez. Having considered the matter, the Court issues its Report and Recommendation.

<u>Findings of Fact and Conclusions of Law</u>

      On May 10, 2004, Defendant was sentenced to serve a three-year period of supervised release. The term of supervision began when the Defendant was released from prison on December 3, 2004. On September 28, 2007, the Government filed a Petition to Revoke Supervised Release alleging four violations: 1) failure to submit monthly written reports for the months of May through September, 2007; 2) failure to provide employment

---

[1] A transcript of this proceeding was ordered and prepared.

verification; 3) associating with a known felon;[2] and 4) failure to notify probation officer of arrest or questioning by a law enforcement officer.

A court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir.), *cert. denied*, 531 U.S. 999, 121 S.C. 498, 148 LED.2d 469 (2000); *see also* 18 U.S.C. S 3583(e)(3).

At the evidentiary hearing, Probation Officer Morehouse testified that on June 26, 2007, the Defendant signed a form acknowledging the conditions of his supervised release. The condition relating to monthly reporting states: "**You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**" (Exhibit 1, Standard Condition #3.) During the first five days of the months of May and June of 2007, Defendant did not fill out the monthly supervision reports but as a courtesy to him, Officer Morehouse allowed him to complete the reports when they met on June 26, 2007. According to Officer Morehouse, Defendant did not fill out a monthly supervision report for July, August or September. Defendant admitted that he did not fill out the reports for August and September as required. He made no mention of July.

The condition relating to employment states: "**You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons**." (Exhibit 1, Standard Condition #6.) Probation Officer Morehouse testified that when she met with the Defendant on June 26, 2007, he informed her that he quit his job at Sound FX, a car stereo store, but was trying to obtain employment at Lithium, a clothing store, a company that sponsored his side job, presumably as a cage fighter. According to the Defendant, he was still working (for pay) as a cage fighter, his last fight

---

[2]After the evidence was presented at the hearing, the Government moved to dismiss allegation 3. As there was no reliable evidence to support the violation, the Magistrate Judge recommends that the District Court grant the Government's motion and dismiss the allegation.

being at the Wildcat House on July 22, 2007. But for his incarceration in the current revocation proceeding, Defendant would have fought on October 27 in Nogales Mexico if granted the requisite permission. At the meeting with Officer Morehouse on June 26, Defendant told her about the fight and even gave her an event ticket to the fight. (Exhibit 21.[3])

Defendant also testified that in addition to training and cage fighting, he worked as a host/bouncer at "Tens" (Exhibit 20, check stubs dated 8-22-07 and 9-5-07) as well as a cleaning company called "Sandy's Construction Cleaning Inc." (Exhibit 7, employment letter dated 10-11-07.) The existence of the cleaning company and the Defendant's employment at the company was corroborated by the Defendant's 18 year old half brother, Mike Martinez. Defendant never informed Officer Morehouse about these jobs.[4]

The condition relating to notification of police contact states: "**You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer**." (Exhibit 1, Standard Condition #13.) Probation Officer Morehouse testified that on July 13, 2007, she received a telephone call from Nicole Krank, the mother of Defendant's son, advising of a police contact in June and again in July, 2007. Ms. Krank did not testify at the hearing and no evidence was presented reference a June police contact involving the Defendant. Regarding the July contact, Officer Torres testified that on July 13, 2007, he responded to a dispatch reference domestic violence. When he arrived at the

---

[3] The Court accepts Defendant's testimony that the name on the event ticket should read "Shane Badia" and not "Shane Badilla." Defendant testified credibly that he has always had problems with his name being misspelled as "Padilla" and "Badilla."

[4] Defendant admitted on cross-examination that he never advised his probation officer that he was going to quit his job at Sound Fx. Nor did he provide her with documentation verifying employment after June 26, at Tens or Sandy's Construction. Defense counsel correctly pointed out, however, that Defendant is charged with violating Standard Condition #6, maintaining employment, and not Standard Condition #7, notification ten days prior to changing employment. (Exhibit 1.)

3

address on East Golf Links, the officer spoke with the Defendant and after completing the investigation, determined that the matter was civil and not criminal in nature. He advised the Defendant of such.

Defendant admitted that he did not notify his probation officer about the July 13th incident but explained that it was because the police contact was not a criminal but a civil matter in which he believed himself to be the victim. According to the Defendant, his previous probation officer, Garrett Felmer, made it clear to him that unless there was some criminal investigation pertaining to him, he did not have to report police contact. This advice was in response to the Defendant explaining to Officer Felmer that his next door neighbor was in law enforcement and that he often socialized with members of the police force and their family members.

Based upon the evidence presented, the Court finds:

1. Defendant violated Standard Condition #3, in part, by failing to file monthly supervision reports for the months of July, August and September of 2007 but did not violate the condition for the months of May and June of 2007 because he did in fact file those reports, albeit in an untimely fashion;

2. Defendant did not violate Standard Condition #6 since he was employed as and trained as a cage fighter. He provided proof of his employment to his probation officer; and

3. Defendant did not violate Standard Condition #13 because he reasonably believed, based on the two and one half year relationship with his previous probation officer, that he was not required to report law enforcement contact when it related only to a civil matter.

<u>Recommendation for Disposition by the District Court Judge</u>

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona, the

1 Magistrate Judge recommends that the District Court, after an independent review of the
2 record, accept this Court's findings.
3       Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections with
4 the District Court within ten days of being served with a copy of this Report and
5 Recommendation. If the objections are not timely filed they may be deemed waived. If any
6 objections are filed, this action should be designated with the following case number: CR
7 04-436 TUC-RCC.
8       Dated this 9th day of November, 2007.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge

5